IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3306-D

| | |
|---|---|
| KEVIN LAMONT OSBORNE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| OFFICER CLAYTON, et al., | ) |
| Defendants. | ) |

On December 2, 2025, Kevin Lamont Osborne ("Osborne" or plaintiff), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1]. See [D.E. 2, 7]. As explained below, the court dismisses the action without prejudice.

Osborne is incarcerated at Alexander Correctional Institution. See Compl. [D.E. 1] 2. The allegations of Osborne's complaint arose at Eastern Correctional Institution, where Osborne alleges that on November 4, 2025, defendants assaulted him by slamming his hands in a trap door, resulting in injuries. See id. at 5–7. Osborne seeks monetary damages and defendants' termination from employment. Id. at 8. Osborne filed a grievance but alleges that he has not completed the administrative remedy process because the prison is investigating the incident. See id.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Ross v. Blake, 578 U.S. 632, 638 (2016); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedy procedures regardless of the types of relief such procedures offer. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Ross, 578 U.S. at 638–40.

Section 1997e(a) requires an inmate to exhaust his administrative remedies before filing suit. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 626–28 (8th Cir. 2003). Accordingly, Osborne cannot amend his complaint to cure his failure to exhaust administrative remedies concerning his original claims. See Hardin v. Hunt, No. 21-7195, 2023 WL 3969989, at *2–3 & n.2 (4th Cir. June 13, 2023) (per curiam) (unpublished); Hayes v. Stanley, 204 F. App'x 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished); Johnson, 340 F.3d at 627–28.

"[T]he PLRA does not require a prisoner to allege that he has exhausted his administrative remedies . . . ." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 675 (4th Cir. 2005), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see Custis v. Davis, 851 F.3d 358, 361–63 (4th Cir. 2017). "Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." Anderson, 407 F.3d at 683. Nonetheless, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis, 851 F.3d at 361; see Anderson, 407 F.3d at 682 & n.5; Lail v. Slagle, No. 1:18-CV-291, 2018 WL 5023318, at *2 (W.D.N.C. Oct. 16, 2018) (unpublished); see also Little v. Guice, No.

1:17-CV-178, 2018 WL 1697316, at *1 n.1 (W.D.N.C. Apr. 6, 2018) (unpublished); Cox v. McCargo, No. 5:16-CT-3066, 2017 WL 4581795, at *2 (E.D.N.C. Oct. 13, 2017) (unpublished).

Osborne's allegations demonstrate that he did not exhaust administrative remedies on his claims before filing suit, and Osborne has not presented any special circumstances warranting excusal of exhaustion where he has not alleged any undue delay by prison officials in processing his grievance. Cf. Griffin v. Bryant, 56 F.4th 328, 335 (4th Cir. 2022). Accordingly, the court dismisses the action without prejudice.

In sum, the court DISMISSES WITHOUT PREJUDICE the action for failure to exhaust administrative remedies. The clerk shall close the case.

SO ORDERED. This 19 day of February, 2026.

JAMES C. DEVER III
United States District Judge