IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3306-D

| | | |
|---|---|---|
| KEVIN LAMONT OSBORNE, Plaintiff, | ) | |
| v. | ) | **ORDER** |
| OFFICER CLAYTON, et al., Defendants. | ) | |

On December 2, 2025, Kevin Lamont Osborne ("Osborne" or "plaintiff"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 against Correctional Officer Clayton ("Clayton"), Correctional Officer Smith ("Smith"), and Sergeant Milkavige ("Milkavige") (collectively, "defendants") [D.E. 1]. On February 19, 2026, the court reviewed the complaint and dismissed the action without prejudice for failure to exhaust administrative remedies [D.E. 8], and the clerk entered judgment [D.E. 9]. On March 25, 2026, Osborne moved for relief from judgment [D.E. 10]. See Fed. R. Civ. P. 60(b)(1). On June 1, 2026, Osborne filed a letter in support of the motion [D.E. 11]. As explained below, the court grants the motion.

The allegations of Osborne's complaint arose at Eastern Correctional Institution ("Eastern") on November 4, 2025. See Compl. [D.E. 1] 5. Osborne alleges defendants used excessive force against him by slamming his hands through the trap slot of his cell door and smashing them. See id. at 5–7. Osborne seeks relief from judgment and alleges he exhausted his administrative remedies before filing suit. See [D.E. 10] 1; [D.E. 10-1] 1; [D.E. 11] 1. Osborne alleges he mistakenly stated the grievance process was not completed on the complaint form

because Eastern was conducting its own investigation that was separate from his grievance. See [D.E. 10] 1; [D.E. 11] 1; cf. [D.E. 1] 8.

The court has considered Osborne's motion under the governing standard.[1] See Fed. R. Civ. P. 60(b)(1); Allen v. Stein, 165 F.4th 272, 288–89 (4th Cir. 2026); Justus v. Clarke, 78 F.4th 97, 105–06 (4th Cir. 2023); United States v. Welsh, 879 F.3d 530, 533–34 (4th Cir. 2018); Aikens v. Ingram, 652 F.3d 496, 500–01 (4th Cir. 2011) (en banc); Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). The court grants the motion and allows Osborne to proceed with his Eighth Amendment excessive force claim against defendants.

In sum, the court GRANTS plaintiff's motion for relief from judgment [D.E. 10], VACATES the judgment [D.E. 9], and ALLOWS plaintiff to proceed with his Eighth Amendment excessive force claim against defendants. The clerk SHALL continue management of the action under Standing Order 14-SO-2. If service against any defendant under the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

---

[1] The court does not analyze the motion under Federal Rule of Civil Procedure 59(e) because it is untimely under that rule. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Thus, March 19, 2026, was Osborne's deadline to file a motion under Rule 59(e). See, e.g., Fed. R. Civ. P. 6(a) (explaining computation of time); Bolden v. McCabe, Weisberg & Conway, LLC, No. 13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014) (unpublished), aff'd, 584 F. App'x 68 (4th Cir. 2014) (per curiam) (unpublished). Osborne mailed his motion on March 6, 2026. See [D.E. 10-1] 2. The motion, however, was addressed to the Mecklenburg County Clerk of Superior Court. See id. On March 17, 2026, the Mecklenburg County Clerk of Superior Court mailed the motion to the United States District Court for the Western District of North Carolina. See id. On March 23, 2026, the Western District of North Carolina mailed the motion to this court. See [D.E. 10-2] 1. The court cannot extend the time for filing the motion. See Fed. R. Civ. P. 6(b)(2); Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001). Additionally, Osborne does not benefit from the prison mailbox rule because he incorrectly mailed the motion to a state court. See, e.g., Oaks v. Clark, 589 F. App'x 228, 229 n.* (4th Cir. 2015) (per curiam) (unpublished).

SO ORDERED. This 24 day of November, 2026.

J. Dever

JAMES C. DEVER III
United States District Judge